ORIGINAL

FILED
AUG - 2 2004
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TRITON MARINE CONSTRUCTION CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | NO. 04-1244C<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

COMES NOW plaintiff, Triton Marine Construction Corporation ("Triton Marine"), through its undersigned counsel, and for its complaint against defendant alleges as follows:

## I. PARTIES

1. At all times material hereto, plaintiff Triton Marine was, and now is, a corporation duly organized and registered under the laws of the State of Virginia, fully qualified and having paid all necessary license fees due, with its principal place of business in Bremerton, Kitsap County, Washington.

2. The Department of the Army, Sacramento District, Corps of Engineers, is an agency of the United States of America (the "Government").

## II. JURISDICTION

3. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

4. On May 25, 1999, the Government awarded Contract No. DACA05-99-C-0033 titled "Gas Turbine Engine Test Cell, Hill Air Force Base, Utah" to Triton Marine (the "Contract"). The Contract was for the construction of a new Gas Turbine Engine

Test Cells Facility at the Hill Air Force Base in Utah as part of the BRAC project transfer from Kelly Air Force Base.

5. During the course of construction, the Government constructively changed the Contract requirements and significantly impacted and delayed Triton Marine's performance.

6. The Administrative Contracting Officer informed Triton Marine during the project that if Triton Marine continued with their commitment to complete on schedule, safely, and quality that he would consider giving Triton Marine an outstanding rating.

7. As a direct result of said Government delays and impacts, Triton Marine completed the Contract work late.

8. On April 4, 2003, approximately a year and a half after the Government had accepted the Contract work, the Contracting Officer provided to Triton Marine notification that the Resident Engineer of the Utah Resident Office for the Corps of Engineers had prepared a "Performance Evaluation (Construction)," DD Form 2626, assigning to Triton Marine a final "unsatisfactory" performance based on documentation of deficiencies during the Contract. The unsatisfactory performance rating was based on Triton Marine's late completion of the work.

9. At the request of Triton Marine, a meeting was held with the Government at the Sacramento District Office on June 3, 2003 at which Triton Marine presented to the Government a detailed Request for Equitable Adjustment ("REA") totaling over $1,648,838.33. Triton Marine's REA was predicated on how the Government

constructively changed the Contract requirements and significantly impacted and delayed Triton Marine's performance.

10. The Contracting Officer verbally conceded to Triton Marine that the final "unsatisfactory" performance rating would be contingent upon the ultimate outcome of Triton Marine's pending REA. The Contracting Officer, on a number of occasions in 2003, promised Triton Marine that the Government would resolve the underlying issues prior to issuing an "unsatisfactory" performance rating.

11. Regulation No. 415-1-17(5)(c)(2) also specifically provides:

> . . . Final unsatisfactory ratings can be amended, if warranted, to reflect changes in the evaluation of performance elements caused by resolution of contractor claims . . ..

12. On April 1, 2004, nearly a year after Triton Marine presented its REA to the Government, the Contracting Officer summarily denied Triton Marine's REA in a brief three page letter, with little to no discussion of the merits. The Contracting Officer also issued to Triton Marine the final "unsatisfactory" performance rating.

13. By letter dated April 1, 2004, the Contracting Officer indicated that the "unsatisfactory" performance rating would be forwarded to Triton Marine's bonding company and, pursuant to DFARS 236.201, entered into the Construction Contractor Appraisal Support System ("CCASS"). The Contracting Officer's April 1, 2004 letter did not notify Triton Marine of its option to appeal the "unsatisfactory" performance rating to one level above the Contracting Officer as required by Regulation No. 415-1-17(5)(f).

14. Despite the requirement of Regulation No. 415-1-17(5)(f) that an "unsatisfactory" rating not be entered into the CCASS until Triton Marine's 30-day

appeal rights expire or the appeal procedure is completed, the Contracting Officer verbally notified Triton Marine that the "unsatisfactory" rating would be promptly entered into the CCASS. At no time was Triton Marine informed by the Contracting Officer to submit written comments to address the unsatisfactory rating.

15. On April 30 2004, and within 30 calendar days of receipt of the "unsatisfactory" performance rating, Triton Marine furnished to the Contracting Officer its written appeal stating the reasons why a further review of the "unsatisfactory" performance rating was justified and the circumstances which may cause the Government to revise its "unsatisfactory" performance rating of Triton Marine.

16. After Triton Marine submitted its appeal, the Government failed to address or respond to Triton Marine's appeal.

17. On April 26, 2004, Triton Marine submitted to the Contracting Officer its certified claim for the project, in accordance with the Contracts Dispute Act of 1978, 41 U.S.C. §601, *et seq.* By letter dated June 9, 2004, the Contracting Officer informed Triton Marine it would issue a Final Decision on the claim by September 30, 2004.

18. On July 26, 2004, Triton Marine reviewed the CCASS and discovered that the Government entered an unsatisfactory rating of Triton Marine.

19. Venue and jurisdiction is vested in the United States Court of Federal Claims pursuant to 28 U.S.C. §1491(a) and 41 U.S.C. §609(a)(1).

III. VIOLATION OF REGULATION NO. 415-1-17

20. Plaintiff realleges and incorporates each and every allegation contained in the preceding paragraphs.

21. Pursuant to Regulation No. 415-1-17(4)(b), a final performance evaluation must be prepared within 60 days of substantial completion of the Contract work.

22. Under subsection (5)(c)(2) of Regulation No. 415-1-17, Triton Marine must be afforded the opportunity to submit written comments, which should be addressed and included in the report by the Government. Final "unsatisfactory" ratings can be amended to reflect changes in the evaluation of performance elements caused by resolution of a contractor's claims. In addition, the Contracting Officer indicated to Triton Marine that the issuance of a final "unsatisfactory" rating would be contingent upon the outcome of Triton Marine's pending claim.

23. Subsection (5)(f) of Regulation No. 415-1-17 requires the Government to notify a contractor of its option to appeal a final "unsatisfactory" rating to one level above the Contracting Officer.

24. The issuance of the unsatisfactory performance rating is indicative of the unjustifiable, overreaching, and arbitrary manner in which the Government dealt with Triton Marine and administered the Contract.

25. Subsection (5)(f) of Regulation No. 415-1-17 also provides that an "unsatisfactory" performance evaluation should not be entered into CCASS until a contractor's 30-day appeal rights expire or the appeal procedure is completed.

26. The Government violated Regulation No. 415-1-17 when:

a. It failed to prepare the final performance evaluation within 60 days of substantial completion of the Contract work;

b. It prematurely issued a final performance evaluation despite Triton Marine's pending claim;

c. It entered the final "unsatisfactory" performance rating in the CCASS prior to completion of the appeal procedure;

d. It failed to address Triton Marine's appeal and include Triton Marine's comments in the Government's report;

e. It entered the final "unsatisfactory" performance rating in the CCASS prior to the resolution of Triton Marine's pending claim; and

f. It failed to properly notify Triton Marine of its appeal rights.

24. Triton Marine will be irreparably harmed to the extent that an "unsatisfactory" performance rating was entered in the CCASS since Triton Marine's ability to successfully compete for future Government contract work will be significantly impacted.

## IV. PRAYER FOR RELIEF

WHEREFORE, Triton Marine prays for judgment against the Government as follows:

1. Declaring that the Government's "unsatisfactory" performance rating is invalid and enjoining the Government from any further and negative performance evaluation action against Triton Marine;

2. Declaring that the Government's "unsatisfactory" performance rating is premature since the evaluation is contingent upon the resolution of Triton Marine's certified claim;

3. Declaring that the Government's "unsatisfactory" performance rating should not be entered in the CCASS prior to resolution of Triton Marine's pending certified claim;

4. Declaring that the schedule delays were excusable and/or compensable delays;

5. Awarding Triton Marine its costs and attorneys' fees incurred herein; and

6. Granting such other and further relief as this Court deems just and equitable under the circumstances.

CARNEY BADLEY SPELLMAN, P.S.

By John C. Dippold
for Stephen L. Nourse
CARNEY BADLEY SPELLMAN, P.S.
700 Fifth Avenue, Suite 5800
Seattle, WA 98104-5017
(206) 622-8020
email: nourse@carneylaw.com
Attorneys for Triton Marine
Construction Corporation

DATED this 30th day of July, 2004.

*Of Counsel:*
John C. Dippold
CARNEY BADLEY SPELLMAN, P.S.
700 Fifth Avenue, Suite 5800
Seattle, WA 98104-5017
(206) 622-8020
email: dippoldj@carneylaw.com